```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NEW YORK SMSA LIMITED                       :
PARTNERSHIP, d/b/a Verizon Wireless, and    :
HOMELAND TOWERS, LLC,                       :
                    Plaintiffs,             :
v.                                          :
                                            :   MEMORANDUM OPINION
TOWN OF PHILIPSTOWN; TOWN OF                :   AND ORDER
PHILIPSTOWN TOWN BOARD; TOWN OF             :
PHILIPSTOWN ZONING BOARD OF                 :
APPEALS; BUILDING INSPECTOR GREG            :   18 CV 1534 (VB)
WUNNER, in his official capacity; and       :
NATURAL RESOURCES REVIEW OFFICER            :
MAX GARFINKLE, in his official capacity,    :
                    Defendants.             :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiffs New York SMSA Limited Partnership, doing business as Verizon Wireless ("SMSA"), and Homeland Towers, LLC sue defendants the Town of Philipstown (the "Town") and various associated entities and officials, principally alleging defendants violated the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56, when they denied plaintiffs' applications for permits required to construct a monopole providing cellular service.

Before the Court is a motion to intervene filed by thirteen Philipstown residents: Margaretta Bickford, Robert Bickford, Stephen Canfield, Joel Cooper, Vanessa Crymes, Paul Eldridge, Priscilla Eldridge, Cali Gorevic, Roger Gorevic, Allen Jordan, Kerry Jordan, Marian Rockwell, and Nick Rockwell (collectively, the "proposed intervenors"). (Doc. #20).

For the reasons set forth below, the motion is DENIED.

1

**BACKGROUND**

The Court briefly summarizes the nature of the case to the extent necessary to resolve the pending motion. Plaintiffs wish to construct a 180-foot tall cell tower (the "facility") at 50 Vineyard Road in Cold Spring, New York (the "site"), within the Town, to remedy an alleged gap in cellular coverage. Plaintiffs principally allege defendants improperly denied plaintiffs' applications for a special use permit and a wetland permit, both of which are required to construct the facility at the site. Plaintiffs seek, among other things, an order mandating that the Town immediately issue all necessary permits and authorizations for plaintiffs to begin constructing the facility.

Defendants defend the decisions to deny plaintiffs the special use and wetland permits. By defendants' lights, because plaintiffs' permit applications properly were denied, the facility cannot and will not be built.

Each of the proposed intervenors owns a residential property located no more than approximately one quarter mile from the site,[1] with some proposed intervenors' properties lying as close as one hundred yards away. The proposed intervenors contend the facility, if constructed, would negatively impact their properties' aesthetics and significantly lower their property values.

The proposed intervenors seek to intervene as of right, or alternatively to intervene by permission.[2]

---

[1] Proposed intervenors Marian and Nick Rockwell own property on which they are developing a horse boarding farm and future residences.

[2] The motion to intervene was filed July 5, 2018. (Doc. #20). On July 26, 2018, plaintiffs filed an amended complaint. (Doc. #45). On July 27, 2018, the Court deemed the instant motion a motion to intervene as to the amended complaint. (Doc. #49).

**DISCUSSION**

I.  Intervention as of Right

Intervention as of right is governed by Rule 24(a), under which a would-be intervenor "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999) (quoting Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Id. (quoting Catanzano v. Wing, 103 F.3d at 232).

Here, the proposed intervenors fail to show they have an interest defendants will not adequately protect.

Generally, the adequate protection requirement imposes "only a 'minimal burden'" on the proposed intervenor. New York v. Gutierrez, 2008 WL 5000493, at *7 (E.D.N.Y. Nov. 20, 2008) (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)) (citation omitted). However, when a proposed intervenor and a current party share "an identity of interest"—for instance, when they "make the same arguments and have the same objective"—the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action." Verizon N.Y. Inc. v. Jewish People for Betterment of Westhampton Beach, 556 F. App'x 50, 52 (2d Cir. 2014) (summary order) (quoting Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179–80 (2d Cir. 2001)). To do so, the proposed intervenor may offer "evidence of collusion, adversity of interest, nonfeasance, or incompetence" by the named party sharing the same interest. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d at 180; see

Great Atl. & Pac. Tea Co., Inc. v. Town of East Hampton, 178 F.R.D. 39, 42–43 (E.D.N.Y. 1998) (collecting cases).

The proposed intervenors do not argue any defendant has participated in collusion, exhibited nonfeasance, or acted with incompetence. As for adversity of interest, the proposed intervenors argue only that the Town may settle the case on terms of which the proposed intervenors do not approve. The mere possibility of settlement does not alone render the Town's and the proposed intervenors' interests adverse. See Bush v. Viterna, 740 F.2d 350, 358 (5th Cir. 1984). Further, as a practical matter, the parties' extensive settlement negotiations have collapsed, and all parties intend to litigate the case to completion. The proposed intervenors point to no other facts or circumstances suggesting the Town will not adequately protect their interests in preventing the facility's construction.

Because the Court concludes the proposed intervenors have not shown defendants will not adequately protect the proposed intervenors' interests, the Court need not address the other requirements for intervention as of right.

II.     Permissive Intervention

As for permissive intervention, Rule 24(b)(1) provides that on timely motion, the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. When assessing a request to intervene by permission, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention lies within the Court's "broad discretion." AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005).

Exercising that discretion, the Court declines to allow permissive intervention in this case. For the reasons above, defendants' and the proposed intervenors' interests are aligned:

both believe defendants properly denied plaintiffs' permit applications, and both share the principal aim of ensuring the facility is not constructed. The Court also finds the existing parties would experience undue delay if permissive intervention is permitted in this case, which Congress directs must be heard and decided "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v).

## CONCLUSION

The motion to intervene is DENIED.

The Clerk is directed to terminate the motion. (Doc. #20).

Dated: December 17, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge